34 F.3d 1067
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas MASON, Defendant-Appellant.
 No. 93-5360.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1994.
Decided August 12, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M.J. Garbis, District Judge. (CR-90-163-MJG)
 Argued: Joseph A. Balter, Supervisory Assistant Public Defender, Baltimore, MD. On brief: James K. Bredar, Federal Public Defender, Baltimore, MD, for Appellant.
 Argued: Christopher Bowmar Mead, Assistant United States Attorney, Baltimore, MD. On brief: Lynne A. Battaglia, United States Attorney, Baltimore, MD, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 On August 15, 1990, a jury found Thomas Mason guilty of unlawfully possessing a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g). The district court sentenced him to thirty-three months' imprisonment under the applicable United States Sentencing Guidelines,[1] declining to apply the mandatory sentence required by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Sec. 924(e). After the government's appeal of the sentencing decision, we reversed and remanded for resentencing under the ACCA. Pending the resentencing and after he had served thirty-three months, Mason was mistakenly released from prison. He was later resentenced to fifteen years under the ACCA and an additional twenty-one days for failing to appear at a scheduled resentencing hearing. On appeal, Mason challenges the imposition of the new sentence on double jeopardy and due process grounds. He also asserts that the district court improperly rejected a collateral attack on one of three predicate convictions forming the basis for his sentencing as an armed career criminal; that the court lacked the authority to enhance his sentence by twenty-one days; and that the court should not have made his sentence run consecutively to his undischarged state sentences. We affirm.
 
 
 2
 * On April 17, 1990, the Federal Grand Jury for the District of Maryland returned an indictment charging Thomas Mason with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g). After trial, a jury returned a verdict of guilty.
 
 
 3
 Although Mason was subject to a minimum sentence of fifteen years under the ACCA by virtue of three prior convictions,[2] the district court sentenced him to thirty-three months in jail and a five-year period of supervised release. The government appealed the district court's ruling on the inapplicability of the ACCA, and we reversed and remanded for resentencing under the provisions of that Act. United States v. Mason, 954 F.2d 219 (4th Cir.), cert. denied, 112 S.Ct. 1979 (1992). On remand, the district court granted Mason's motion to delay resentencing while he petitioned the Supreme Court for a writ of certiorari. The Supreme Court denied certiorari on May 18, 1992, but no one informed government counsel or the district court of that fact. In consequence, Mason completed his original thirty-three month sentence and was released from jail on October 7, 1992. Neither the government counsel responsible for his case nor the district court learned of this release until later that month.
 
 
 4
 On discovering that Mason had not been granted review by the Supreme Court and was no longer incarcerated, the district court scheduled a resentencing hearing for December 3, 1992. Although he was informed by his probation officer of his need to attend the hearing, Mason failed to appear. He was not immediately apprehended although a bench warrant was issued for his arrest. Three weeks later, on December 24, 1992, Mason was arrested by Baltimore City police on charges of possession of a firearm and possession of controlled dangerous substances. He eventually pled guilty in state court to charges stemming from that arrest and received a three-year sentence, with two years suspended. Next, on March 23, 1993, Mason received consecutive four-year sentences on two outstanding state charges of violation of probation.
 
 
 5
 Mason still faced the resentencing resulting from our remand to resentence on the 1990 firearm conviction. On April 21, 1993, the district court sentenced Mason to 180 months under the ACCA. In addition, the court imposed an upward departure of twenty-one days for the defendant's failure to appear at the December 3, 1992, resentencing hearing. The sentence was ordered to run consecutively to Mason's state terms of imprisonment. This appeal followed.
 
 II
 
 6
 Mason first contends that the district court violated his constitutional guarantee against double jeopardy and his right to due process when it conducted a resentencing hearing after he had served his initial sentence.
 
 
 7
 * The Double Jeopardy Clause of the Fifth Amendment, of course, protects against both multiple prosecutions and "multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Mason argues that he fully served the original sentence imposed by the district court; therefore, the subsequent fifteen year sentence under the ACCA constitutes an illegal second punishment for the same offense.
 
 
 8
 His argument, however, fails under the Supreme Court's holding in United States v. DiFrancesco, 449 U.S. 117 (1980), that, where Congress has given the government the right to appeal a sentence, resentencing after that appeal does not constitute a violation of the Double Jeopardy Clause. As the Court stated, "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." Id. at 137. This is particularly true where "Congress has specifically provided that the sentence is subject to appeal. Under such circumstances there can be no expectation of finality in the original sentence." Id. at 139. Mason's sentence was properly appealed by the government. 18 U.S.C. Sec. 3742(b)(1). See United States v. Paleo, 967 F.2d 7, 10 (1st Cir.1992).
 
 
 9
 Mason attempts to avoid the result compelled by DiFrancesco by relying on Ex Parte Lange, 18 Wall. 163 (1874), where the Supreme Court held it a violation of double jeopardy to resentence a person who had fully served one of two alternative punishments. Mason's argument is, however, foreclosed by this court's holding in United States v. Lundien, 769 F.2d 981, 985 (4th Cir.1984), cert. denied, 474 U.S. 1064, that, where the defendant has not fully served a lawful punishment for his crimes, he has no valid double jeopardy claim. Mason's original sentence was for thirty-three months plus five years of supervised release. Because Mason's period of supervised release had not expired, he had not fully served a lawful punishment when resentenced under the ACCA and was not subjected to double jeopardy.
 
 B
 
 10
 Mason also challenges his resentencing on due process grounds. In Lundien, we stated, "[D]ue process may ... be denied when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them." Id. at 987.
 
 
 11
 Mason argues that his release from jail after serving his original sentence crystallized an expectation that he had served his full term of imprisonment; therefore, the district court's decision to resentence him to fifteen years was fundamentally unfair and a violation of due process. At the time Mason's case went to trial, the government had announced its intention to pursue sentencing under the ACCA. When the district court declined to apply the ACCA, the government immediately and successfully appealed. The government clearly did nothing to instill in Mason an expectation of finality. Furthermore, Mason's reliance on the fact that his October 1992 release preceded his resentencing is unavailing because that circumstance was largely the product of his request for a continuance so that he might pursue his petition for certiorari to the Supreme Court. Given the absence of any improper motive by the prosecution in seeking resentencing, its prompt move to appeal the original sentence, and Mason's contribution to the timing of his release, we cannot say that it would be unfair to defeat any expectations of finality Mason may have had by sentencing him as the law originally required. See, DeWitt v. Ventetoulo, 6 F.3d 32, 35 (1st Cir.1993), cert. denied, 114 S.Ct. 1542 (1994); Lundien, 769 F.2d at 987.
 
 III
 
 12
 Mason's collateral attack on his 1986 conviction for armed robbery is based on his claim that he was denied effective assistance of counsel and that his plea of guilty was not knowing and intelligent.
 
 
 13
 Although the district court, in denying Mason's collateral claim, did not have the guidance of the Supreme Court's recent decision in Custis v. United States, 62 U.S.L.W. 4346 (May 23, 1994), it correctly anticipated it. There, the Court held thatSec. 924(e) does not permit a defendant to use the federal sentencing forum to gain review of his state convictions except where he or she was not represented by counsel--a circumstance not present here.
 
 IV
 
 14
 The district court added an additional twenty-one days to Mason's fifteen-year sentence because of his failure to appear at a December 3, 1992, resentencing hearing.[3] Mason argues that the court lacked the authority to impose such an upward departure because failure to appear is already covered by the Sentencing Guidelines. Whether the district court had the authority to impose an upward departure is subject to de novo review. United States v. Daughtrey, 874 F.2d 213, 218. (4th Cir.1989).
 
 
 15
 There is no question, of course, that failure to appear is covered by U.S.S.G Sec. 3C1.1's two-point enhancement for obstructing or impeding justice. U.S.S.G. Sec. 3C1.1, commentary 3(e). The district court did not utilize that provision, however, for the singular reason that it would have had no impact on Mason's ultimate sentence. Because a two-point addition to Mason's offense level would not have caused his guideline range to exceed Sec. 924(e)'s minimum sentence, Mason would still have faced only fifteen years in jail. See U.S.S.G. Sec. 5G1.1. The district court, in departing upward for twenty-one days, properly recognized that the Commission did not anticipate that Sec. 3C1.1 would have no impact on a defendant facing a mandatory sentence. The departure was appropriate, therefore, under 18 U.S.C. Sec. 3553(b) and U.S.S.G. Sec. 5K2.0.
 
 V
 
 16
 Finally, Mason challenges the district court's decision to have his fifteen-year sentence under Sec. 924(e) run consecutively to the nine years of undischarged state terms of imprisonment. At the time of his resentencing under the ACCA, Mason was serving eight years for two drug-related violations of state probation and one year for unlawful possession of a firearm.
 
 
 17
 The Sentencing Guidelines provide that if the instant federal offense was committed while the defendant was serving a term of imprisonment, "the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. Sec. 5G1.3(c). The commentary to Sec. 5G1.3 provides guidance in determining whether a consecutive sentence is appropriate.
 
 
 18
 To the extent practicable, the court should consider a reasonable incremental sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under Sec. 5G1.2 ... had all of the offenses been federal offenses for which sentences were being imposed at the same time.
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 It is not intended that the above methodology be applied in a manner that unduly complicates or prolongs the sentencing process.... Rather, this methodology is meant to assist the court in determining the appropriate sentence....
 
 
 22
 Mason contends that federalizing all of his state and federal charges would lead to a maximum of fifteen years, i.e., the sentence for a single ACCA conviction, under the operation of Guideline Sec. 5G1.1. He argues, therefore, that a concurrent sentence would effect a reasonable incremental punishment. The government, however, points out that Mason fails to take into account the fact that one of his state charges was also the unlawful possession of a firearm. In its view, Mason would be subject to two mandatory fifteen-year sentences so that the district court's decision to impose a consecutive sentence (thereby requiring him to serve twenty-four years of the otherwise possible thirty years) led to a reasonable incremental increase.
 
 
 23
 The district court, in ordering the mandatory ACCA sentence to be served consecutively to Mason's state sentences, did not specifically adopt either the government's position or Mason's. Likewise, it did not follow the formula offered by the commentary to Sec. 5G1.3(c). As the Sixth Circuit said in United States v. Coleman, 15 F.3d 610, 613 (6th Cir.1994), however, "because the methodology [suggested in the Guidelines commentary] 'is meant to assist the court in determining the appropriate sentence,' it will not always be necessary to follow the precise methodology called for under Sec. 5G1.3 ... since there may be circumstances which will warrant the court in resorting to a simpler method of achieving a result which is the practical equivalent of the more complex computations."
 
 
 24
 In articulating the basis for his decision to impose a consecutive sentence, the district court said:
 
 
 25
 You are proposing that I wipe off the books, a nine year State sentence that he got for activities that he committed while he was a fugitive from this Court, running away from his sentence, and that is what he did in those three weeks, generated a nine year sentence, and you want me to wipe that off the books by making these concurrent. I think that offends my sense of justice. I think it is wrong, and I won't exercise my discretion in that way. It is not right.
 
 
 26
 It might have been better to have couched its analysis in guideline terms, but we are persuaded that the district court's reasoning supports its conclusion that making Mason's fifteen year sentence run consecutively to his state sentences was necessary to achieve a reasonable incremental punishment. Given its reasoning and the fact that the district court entertained arguments on the methodology set forth in the commentary to Sec. 5G1.3(c), we cannot say that it committed error in making Mason's Sec. 924(e) sentence run consecutively to his state sentences.
 
 VI
 
 27
 For the foregoing reasons, we affirm the sentence imposed by the district court.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1989)
 
 
 [2]
 The relevant offenses were 1986 convictions for daytime housebreaking, distribution of heroin, and armed robbery
 
 
 [3]
 The district court chose a period of twenty-one days because that was the amount of time that elapsed between the December 3, 1992, resentencing hearing and Mason's arrest on state charges on December 24, 1992