**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4492

JOHNNY EUGENE SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-93-148)

Argued: April 11, 1997

Decided: May 30, 1997

Before MURNAGHAN, Circuit Judge, and BUTZNER and
PHILLIPS, Senior Circuit Judges.

_____

Affirmed by published opinion. Judge Murnaghan wrote the opinion,
in which Senior Judge Butzner and Senior Judge Phillips joined.

_____

**COUNSEL**

**ARGUED:** Eric David Placke, Assistant Federal Public Defender,
Greensboro, North Carolina, for Appellant. Harry L. Hobgood, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee. **ON BRIEF:** William E. Martin, Federal Public Defender,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Benjamin H. White, Jr., Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

**OPINION**

MURNAGHAN, Circuit Judge:

A convicted prisoner, Johnny Eugene Smith, challenges the district court's jurisdiction to resentence him on two counts of the indictment after Smith successfully collaterally attacked his 18 U.S.C. § 924(c) conviction. Smith further argues that, even if the district court had jurisdiction, the district court's resentencing of him violated the Fifth Amendment's Due Process and Double Jeopardy Clauses. For the following reasons, the judgment of the district court is affirmed.

I.

FACTS

On June 29, 1993, the grand jury returned an indictment against Smith. The indictment charged Smith with conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of "crack" cocaine in violation of 21 U.S.C. § 846 (Count One), possession with intent to distribute "crack" cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Four), and carrying and using a firearm during and in relation to a felony drug offense in violation of 18 U.S.C. § 924(c) (Count Three).

On August 6, 1993, Smith pled guilty to Counts One, Two, and Three. Thereafter, on October 29, 1993, the district court sentenced Smith to a term of imprisonment of 168 months on Counts One and Two (consolidated) and sixty months on Count Three to run, as required by law, 18 U.S.C. § 924(c)(1) (1976 & Supp. 1997), consecutively to the sentence imposed on Counts One and Two. The district court also imposed a term of supervised release for a period of five years on Counts One and Two and a period of three years on Count Three, all to run concurrently. Smith was also ordered to pay a $1000 fine and a special assessment of $150. Formal judgment on the sentence was entered on November 9, 1993.

Thereafter, on April 21, 1994, the government filed a "Motion for Correction of Sentence for Changed Circumstances" under Federal

2

Rule of Criminal Procedure 35(b), moving for a reduction of Smith's sentence based on his substantial assistance to the government. In its motion, the government requested that Smith's sentence be reduced to ninety-seven months. The district court granted the motion and reduced Smith's sentence to thirty-seven months on Counts One and Two, but left in place the previously imposed sixty month consecutive sentence on Count Three. By fashioning the sentence in this manner the requested ninety-seven months was reached. The amount of the intended reduction for substantial assistance in Smith's combined sentence (from 228 months (168 months on Counts One and Two plus 60 months on Count Three) to ninety-seven months) was 57.5%.[1]

Subsequently, as Smith was serving the reduced sentence imposed by the district court, the Supreme Court issued its decision in Bailey v. United States, 516 U.S. ___, 116 S.Ct. 501 (1995). In response to the Bailey decision, Smith filed a pro se motion pursuant to 28 U.S.C. § 2255 challenging his § 924(c) (Count Three) conviction. Smith also attacked the $1000 fine imposed upon him arguing that the district court incorrectly concluded that Smith had the ability to pay such a fine. In its response to the motion, the government conceded that Smith's § 924(c) conviction should be vacated. The government contended, however, that Smith should be resentenced on Counts One and Two in order to effectuate the district court's original sentencing intent and to give the government an opportunity to request a 2 level enhancement pursuant to U.S.S.G. § 2D1.1((b)(1). Upon consideration of the motion,[2] the district court granted Smith's motion and granted the government's request for resentencing on Counts One and Two. On May 22, 1996, the district court issued an order appointing a federal public defender to represent Smith at the resentencing.

The district court scheduled the resentencing hearing for June 6, 1996. At the time of the resentencing, the Bureau of Prisons' (BOP)

_____

[1] Smith appealed the district court's order, but his appeal was dismissed as untimely. United States v. Smith, 64 F.3d 661 (4th Cir. 1995) (unpublished).
[2] The district court referred the motion to a magistrate judge for a report and recommendation. On April 17, 1996, the magistrate judge filed a recommendation that Count Three be vacated and Smith be resentenced on Counts One and Two.

records and calculations indicated that on March 7, 1996 Smith had finished serving the 37 months of imprisonment imposed on Counts One and Two.3 At the resentencing, the district court stated that pursuant to the government's Federal Rule of Criminal Procedure 35(b) motion, based on Smith's substantial assistance, it was the court's intention to reduce Smith's overall sentence to ninety-seven months. The district court explained that the court could not remember why the court chose to create a ninety-seven month sentence in the manner in which it did--thirty-seven months on Counts One and Two and sixty months on Count Three. Nonetheless, at the conclusion of the hearing, the district court granted a two level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) exposing Smith to a term of imprisonment range of 210 to 262 months under Counts One and Two. The government then requested that Smith be sentenced to eighty-nine months for the Count One and Count Two convictions, which again represented a 57.5% reduction from Smith's exposure of 210 to 262 months. The district court agreed and sentenced Smith to eighty-nine months on Counts One and Two, a five year term of supervised release, and a special assessment of $100. Formal judgment was entered on June 14, 1996. Smith filed a timely notice of appeal on June 14, 1996. The district court released Smith on bond pending the instant appeal.

II.

DISCUSSION

Smith raises three primary challenges to the district court's imposition of eighty-nine months of imprisonment on Counts One and Two of the indictment. First, he argues that the district court did not have jurisdiction to impose the eighty-nine month term. Second, assuming

_____

3 After the BOP received the district court's May 10, 1996 order vacating and dismissing Count Three, the BOP began processing Smith for release. The BOP was on the verge of releasing Smith when the government intervened and requested that Smith remain in custody pending resentencing. The government has conceded that Smith had in fact, served his thirty-seven month imprisonment term on Counts One and Two. At the time, however, Smith had not begun serving his five year period of supervised release.

4

the district court had jurisdiction, the district court's imposition of the eighty-nine month term violated the Fifth Amendment's Double Jeopardy Clause. Third, assuming jurisdiction, the district court's imposition of the eighty-nine month term violated Smith's due process rights under the Fifth Amendment. All issues involve questions of law and are reviewable de novo. United States v. Payne, 952 F.2d 827, 828 (4th Cir. 1991).

A. Jurisdiction

Smith argues that the district court lacked jurisdiction to resentence him on Counts One and Two because in his § 2255 motion, he only challenged his § 924(c) conviction (Count Three). Thus, Smith contends that the district court was without jurisdiction to address the sentences imposed on Counts One and Two.

The Fourth Circuit in United States v. Hawthorne , 94 F.3d 118 (4th Cir. 1996), has held that, where Bailey requires reversal of a § 924(c) conviction on direct appeal, the case may be remanded for resentencing on drug related counts, as long as the government agrees to forego reprosecution on the § 924(c) count. Id . at 122. The question presented in Smith's first issue, is consequently whether that same rule should apply to a § 924(c) conviction which is attacked not by direct appeal but on collateral review.

That precise question, however, has been recently resolved in United States v. Hillary, 106 F.3d 1170 (4th Cir. 1997). In Hillary, this court held that the same rule employed within the direct appeal context should apply to convictions attacked via collateral review.

Like here, in Hillary, the government agreed that the § 924(c) conviction should be vacated but contended that the defendant should be resentenced on the remaining counts to provide the government with an opportunity to argue for an enhancement under U.S.S.G. § 2D1.1(b)(1) because of the defendant's possession of a firearm. Id. at 1171 (citing Hillary v. United States, No. JFM 96-1842 (D.Md. Aug. 6, 1996), as amended, Aug. 7, 1996.) The district court in Hillary granted the defendant's motion to vacate the § 924(c) conviction, but refused the government's request for resentencing concluding that the court was without jurisdiction to do so. Id.

5

In reversing the district court, Hillary began its analysis with the language of § 2255. Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.
>
> ... If the court finds that the judgment was entered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Id. at 1171 (emphasis in original).

Hillary determined that the underlined language "confers a `broad and flexible' power to the district courts `to fashion an appropriate remedy.'" Hillary, 106 F.3d at 1171 (quoting United States v. Garcia, 956 F.2d 41, 45 (4th Cir. 1992)). The most "appropriate" remedy the court stated would be to "put § 2255 defendants in the same boat as direct appellants, i.e. to permit resentencing." Id. at 1172. The only question the court contended, however, was whether collateral-review jurisdiction extended that far. Concluding that collateral review jurisdiction does extend that far, the court stated that the term "sentence" in § 2255 does not refer to a specific offense. Id. at 1172. Rather, "sentence" must be viewed in the aggregate.

While Hillary does not explicitly use the term "sentencing packaging theory" to explain the contemplated meaning of "aggregate," the Seventh Circuit in United States v. Smith, 103 F.3d 531 (7th Cir.

6

1997), provided clarification as to the sentencing package concept,**4** and held that a district court has jurisdiction to resentence a defendant after a successful collateral attack of his § 924(c) conviction. In so holding, the court recognized that "in most cases involving the mandatory consecutive 5-year § 924(c) sentence, vacating that portion of the sentence radically changes the sentencing package." <u>Smith</u>, 103 F.3d at 534.

Hence, based upon <u>Hillary</u>, the district court had jurisdiction to resentence Smith on Counts One and Two, including applying the § 2D1.1(b)(1) enhancement. Accordingly, the district court is affirmed.**5**

B. <u>Double Jeopardy</u>

Alternatively, Smith argues that, even if the district court had jurisdiction to resentence him, since he had already served his thirty-seven months on Counts One and Two, to impose an additional punishment on him would violate the Double Jeopardy Clause.

The Fifth Amendment of the United States Constitution provides, in part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. The Fifth Amendment's protection is directly implicated in the instant appeal. Thus, while the district court has jurisdiction to resentence a defendant, the district court's ability to resentence does not last indefinitely.

_____

**4** The court noted that:

> When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package.

<u>Id.</u> at 533 (quoting <u>United States v. Shue</u>, 825 F.2d 1111, 1113 (7th Cir.), <u>cert. denied</u>, 484 U.S. 956 (1987)).

**5** We also note that recently the Ninth Circuit has also permitted resentencing after a defendant's successful collateral attack of his § 924 conviction. <u>See</u>, <u>United States v. Handa</u>, ___ F.3d ___, 1997 WL 134095 (9th Cir., Mar. 26, 1997).

7

Pointedly, in United States v. Silvers, 90 F.3d 395 (4th Cir. 1996), the court held that the Double Jeopardy Clause bars the resentencing of a § 2255 defendant on convictions for which the defendant had fully discharged his or her sentence. In Silvers , the defendant was originally sentenced to thirty-five years on a continuing criminal enterprise (CCE) count, concurrent fifteen-year sentences on each of the possession with intent to distribute counts, and concurrent five-year sentences on the two counts of interstate travel in aid of racketeering and conspiracy to defraud the United States.

After the defendant's successful § 2255 motion, the district court granted defendant's motion vacating his CCE conviction, but the court sua sponte reinstated the previously vacated conspiracy conviction, which previously had merged into the CCE conviction. At the resentencing the district court revisited the defendant's entire sentence, treating it as a package. The court then imposed a fifteen-year sentence for the conspiracy count; three concurrent fifteen-year sentences on the possession with intent to distribute counts; five years on each of the two trafficking counts to run concurrently with each other, but consecutive to the conspiracy count; and a five-year sentence on the conspiracy to defraud count to run consecutively to the other sentences. In total, the district court imposed a twenty-five-year sentence.

At the time of the defendant's resentencing in Silvers, however, the defendant had already served seven years in prison. Since the defendant originally was sentenced to five-year concurrent sentences on both counts of interstate trafficking and one count of conspiracy to defraud the United States, he had served those sentences in full at the time of resentencing. Hence, the reimposition of the sentences on these counts was held to violate the Double Jeopardy Clause. Silvers, 90 F.3d at 101.**6**

No doubt exists that under the court's decision in Silvers if a defendant has fully discharged his sentence pertaining to certain counts, he may not be resentenced on those counts. The question presented in the

_____

**6 Silvers** was a pre-guidelines case and as such, no term of supervised release was imposed.

8

instant appeal, however, is whether Smith has <u>fully</u> discharged his sentence.**7**

While our circuit has not addressed the precise issue raised by Smith, other courts have, including at least one district court in our circuit. <u>See Merritt v. United States</u>, 930 F.Supp. 1109 (E.D.N.C. 1996). In <u>Smith</u>, at the time the defendant's§ 924(c) conviction was vacated, he had served his time on the other counts under the original sentence. Originally, the defendant was sentenced to sixteen months on a drug count, and sixty months on the § 924(c) count to run consecutively. After <u>Bailey</u>, the defendant collaterally challenged his § 924(c) count, and succeeded in having the conviction vacated. At that time, the defendant had served twenty-six months on a sentence, which the Bureau of Prisons thought should only be sixteen months. As the BOP prepared the defendant for his release, the district court issued an order, upon the government's request, detaining the defendant until resentencing.

At resentencing, the district court imposed a sentence of thirty-three months on the remaining counts. In rejecting the defendant's double jeopardy challenge, the court stated that the defendant's judgment and commitment order committed the defendant to the BOP for

_____

**7** <u>**Hillary**</u> does not assist in the resolution of the instant issue because in that case the defendant had not completed his original drug-count sentence, although his completion of that sentence was imminent. In <u>Hillary</u>, the court noted that the defendant's term of imprisonment was set to expire on February 24, 1997. The court stated, however, that

> [w]e express no opinion on whether this rule[<u>Silvers</u> rule that double jeopardy bars resentencing of a defendant who has fully discharged his sentence] would bar resentencing of [the defendant] after February 24. [The defendant] yet has a term of supervised release to serve; moreover, his filing of this§ 2255 motion before discharging his drug conviction, our decision today, or both may deprive him of any interest in the finality of the original sentence. In any event, these are substantial double jeopardy issues, and we think it foolish to confront them while time permits otherwise.

<u>Hillary</u>, 106 F.3d at 1173.

9

a term of seventy-six months. The seventy-six month term was "one unified term of imprisonment." Smith, 103 F.3d at 535. As such, the court found that once a component of that sentence is altered, as here by vacation of the § 924(c) conviction, the whole sentence must be revisited. Hence, the court stated, "until action is taken in regard to the whole sentence, [the defendant] did not have an expectation of finality with regard to his sentence." Id. at 535.

Similarly, in Merritt, the district court rejected the defendant's argument that because he had fully served his sentences on the drug-related counts, he could not be resentenced without implicating double jeopardy concerns. The court stated that the defendant's argument was based on the premise that the sentences on the drug related counts were separate and distinct from the sentence on the § 924 count. Rather, the district court, expressing the sentencing package theory, stated that the defendant "did not receive three separate sentences but rather one aggregate sentence, which has not been fully served ...." Id. at 1114. Thus, the court held that a resentencing of the defendant did not implicate double jeopardy concerns.[8]

We are persuaded by the rationale of Smith and the district court in Merritt.[9] In the present case, federal authorities arrested Smith on June 30, 1993, and Smith remained in custody until June 6, 1996, when he was released on bond by the district court. At that time Smith had served thirty-five months and seven days. With good time credit, however, the Bureau of Prisons calculated that Smith actually finished serving his thirty-seven month sentence on March 7, 1996.[10] Thus, at

_____

[8] The court also held that due process considerations did not bar resentencing.

[9] We recognize that the district court in Warner v. United States, 926 F.Supp. 1387 (E.D. Ark. 1996), has held that the district court is without jurisdiction to resentence a defendant in a multi-count indictment case when he has already served his full sentence imposed on the drug counts charged in the indictment, and that, even if the court had jurisdiction for such resentencing it would violate due process and double jeopardy concerns. As the Warner decision rests upon a rejection of the sentencing package theory that this court has adopted in Hillary, we are unpersuaded by the Warner decision.

[10] While defendant filed his pro se § 2255 motion, based on Bailey, on January 17, 1996, the district court did not grant the motion until May 10, 1996.

10

the time of resentencing on June 6, 1996, Smith had completed his thirty-seven months imposed upon Counts One and Two. Smith, however, was sentenced to one "unified term of imprisonment" for ninety-seven months.

Hence, following the "aggregate" sentence motion, embodied in the sentencing package theory, originally the district court sentenced Smith to 168 months on Counts One and Two, later reduced to ninety-seven months. Smith has only served thirty-seven months of that ninety-seven month sentence. Therefore, unlike in Silvers, where the defendant had fully discharged his sentence, Smith has not fully discharged his sentence.**11**

_____

**11** We note that our analysis is consistent with Hillary. Although not specifically calling it such, the Fourth Circuit in Hillary adopted the sentencing package theory, under which the defendant is sentenced to one aggregate sentence, not to separate and distinct sentences on each count of the indictment. Under such an analysis, in the instant case the supervised release issue actually need not and should not be considered. The supervised release issue would only come into play, if Smith had fully served ninety-seven months. If he had the issue would be whether his term of supervised release must expire before he would have fully discharged his sentence.

While the court does not need to reach the issue of whether a defendant must serve his entire term of supervised release before his sentence is fully discharged, we note that the Fourth Circuit has addressed the issue in the direct appeal context.

In United States v. Mason, 34 F.3d 1067, 1994 WL 421130 (4th Cir. 1994) (Table), the Fourth Circuit rejected the defendant's argument that resentencing him would implicate double jeopardy concerns. In Mason, the defendant was sentenced to thirty-three months of imprisonment to be followed by a five-year period of supervised release. The government appealed the district court's ruling that the Armed Career Criminal Act (ACCA) was inapplicable to the defendant's case. The Fourth Circuit, persuaded by the government's arguments, reversed. See United States v. Mason, 954 F.2d 219 (4th Cir.), cert. denied, 112 S.Ct. 1979 (1992).

On remand, the district court granted the defendant's motion to delay resentencing while the defendant petitioned for certiorari. Certiorari was denied, but no one informed the government counsel or the district court. In consequence, the defendant completed his thirty-three month sentence,

11

C. Due Process

Smith has also argued that his resentencing violates his due process rights. In Lundrien, the Fourth Circuit stated that "due process may ... be denied when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them." Lundrien, 769 F.2d at 987.

Yet Smith's argument is merely a rehash of his double jeopardy argument. He contends that he has fully served his drug-related sentence and that sentence must be accorded finality. Again, under the sentencing package theory, Smith did not receive separate sentences for his drug-counts and for his § 924(c) conviction. Rather, Smith received a unified punishment of ninety-seven months, of which Smith has only served 38%.

Finally, the Merritt case, in reaching the same conclusion, noted that application of the § 2D1.1(b)(1) enhancement actually resulted in a shorter sentence than the original sentence imposed in that case. Merritt, 930 F.Supp. at 1114. Here, Smith will also to some limited

_____

and was released. When the district court found out that the Supreme Court had denied certiorari, the court scheduled a resentencing hearing, at which the defendant failed to appear.

The district court set another resentencing hearing for April 21, 1993. At that time, the district court sentenced the defendant to 180 months. The defendant appealed arguing that since he had served the time on his original sentence, the district court's resentencing of him constituted double jeopardy.

Relying on United States v. Lundrien, 769 F.2d 981, 985 (4th Cir. 1985), cert. denied, 474 U.S. 1064 (1986), the court held that "[b]ecause [the defendant's] period of supervised release had not expired, he had not fully served a lawful punishment when resentenced under the ACCA and was not subjected to double jeopardy." Mason , 34 F.3d 1067 (Table), 1994 WL 421130 at *2.

In any event, the supervised release issue should be avoided. Hillary's reluctance unnecessarily to decide the supervised release question should be followed.

12

extent "benefit" from the vacation of his § 924(c) conviction, and application of the enhancement. Originally, the district court reduced Smith's sentence from 168 months to ninety-seven months as a result of Smith's substantial assistance to the government. Now the district court, after vacation of the § 924(c) conviction, has imposed a sentence of eighty-nine months. Thus, Smith's total sentence has been reduced by eight months.

III.

CONCLUSION

We hold jurisdiction to resentence after a successful § 924(c) collateral attack exists, and such resentencing does not violate either due process or double jeopardy concerns at least so long as the related portions of the sentence have not been fully served. Consequently, based on Hillary, and its adoption of the sentencing package theory, the judgment is

AFFIRMED.

13