**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4604

MARC L. BUTLER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-89-356-A)

Submitted: July 18, 1997

Decided: September 17, 1997

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Laura H. Parsky, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1989, Marc L. Butler was convicted of various drug offenses and one count of using or carrying a firearm during and in relation thereto. In early 1996, following the Supreme Court's decision in <u>Bailey v. United States</u>, 116 S.Ct. 501 (1995), Butler filed a motion pursuant to 28 U.S.C. § 2255 seeking to have his firearm conviction set aside. The district court granted the motion, but resentenced Butler on the drug convictions. The court increased Butler's sentence from 78 to 97 months, notwithstanding that Butler had not sought correction of his drug sentences and that he had already served 78 months before he filed his § 2255 motion.

On appeal, Butler contends (1) that the court was without jurisdiction to correct those portions of his sentence that he did not challenge in his motion; (2) that the Double Jeopardy Clause of the Fifth Amendment precluded resentencing him once his prior drug sentence was fully served; and (3) that the resentencing so upset his settled expectations as to deprive him of due process.

We have recently resolved all three of these issues, and all adversely to Butler's contentions. <u>United States v. Smith</u>, 115 F.3d 241 (4th Cir. 1997) (resentencing after drug sentence fully served neither constitutes double jeopardy nor offends due process);* <u>United States v. Hillary</u>, 106 F.3d 1170 (4th Cir. 1997) (in granting a § 2255 motion, court has jurisdiction to resentence "as may appear appropriate"). Consequently, we affirm the judgment of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.

<u>AFFIRMED</u>

_____

*We recognize that there is arguably tension between <u>Smith</u> and <u>United States v. Silvers</u>, 90 F.3d 95 (4th Cir. 1996), on the double jeopardy issue. However, because <u>Smith</u> recognized the apparent conflict and distinguished <u>Silvers</u>, <u>see</u> 115 F.3d at 245-247, we are bound as a panel of the court by its holding.