**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4269

RONNIE LOCKLEAR,
Defendant-Appellant.

Appeal from the United States District Court for the
Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-93-231)

Submitted: October 31, 1997

Decided: November 26, 1997

Before ERVIN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael W. Patrick, HAYWOOD, DENNY & MILLER, L.L.P., Dur-
ham, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Benjamin H. White, Jr., Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Ronnie Locklear was initially convicted of one count each of conspiracy to distribute cocaine, possession of cocaine, and using or carrying a firearm during and in relation to a drug trafficking offense. After the Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), Locklear filed a 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1997) motion attacking his firearm conviction. The district court granted the motion and ordered a resentencing hearing over Locklear's objection. On resentencing, the district court enhanced Locklear's sentence for the drug conviction pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995). On appeal, Locklear challenges the district court's jurisdiction to resentence him and the court's application of the sentencing enhancement. Finding no reversible error, we affirm.

First, Locklear asserts that the district court improperly resentenced him on his drug conviction following his successful collateral attack of his firearm conviction under Bailey. We have decided this issue to the contrary. See United States v. Smith, 115 F.3d 241 (4th Cir.), cert. denied, ___ U.S. ___, 1997 WL 562118 (U.S. Oct. 14, 1997) (No. 97-5789); United States v. Hillary, 106 F.3d 1170 (4th Cir. 1997).

Second, we find that the evidence was sufficient to establish a connection between the firearm and Locklear's drug activities. The enhancement under § 2D1.1(b)(1) "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n.3). In a conspiracy case the proximity condition is met when the weapon is present in a place where the conspiracy is carried on or furthered. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). If possession is attributed to a co-conspirator, a defendant should receive the enhancement when it is reasonably foreseeable to him that his co-conspirators possessed dangerous weapons that are connected with the conspiracy. See United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994); United States v. Nelson, 6 F.3d 1049, 1056 (4th Cir. 1993). The district court's factual determinations in this regard are

2

reviewed for clear error. <u>See United States v. Brooks</u>, 957 F.2d 1138, 1148-49 (4th Cir. 1992). In this instance, the possession of a firearm during drug sales was clearly established. Furthermore, it was reasonably foreseeable to Locklear that his co-conspirator would regain possession of the gun Locklear helped pawn. Finally, it is not necessary under this section that Locklear ever have possession of the gun. <u>See</u> <u>Nelson</u>, 6 F.3d at 1056.

We therefore affirm the district court's findings and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3