**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4405

RAQUEL YVETTE DOUTHIT,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-93-23)

Submitted: December 30, 1997

Decided: January 23, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel Smith Johnson, Winston-Salem, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Benjamin H.
White, Jr., Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1993, Raquel Yvette Douthit was convicted of conspiracy to distribute cocaine base and using and carrying a firearm during and in relation to the conspiracy. Although the court initially sentenced her to consecutive terms of 292 and 262 months, pursuant to a Fed. R. Crim. P. 35(b) motion, it later resentenced her to two consecutive forty-five month terms. Following the United States Supreme Court's decision in Bailey v. United States, #6D 6D6D# U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), Douthit filed a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), seeking to have her firearm conviction set aside. The court accepted the recommendation of the magistrate judge and vacated Douthit's firearm conviction, but resentenced her on the drug conviction. The court increased Douthit's sentence from forty-five to ninety months, notwithstanding that Douthit already had served forty-five months before she was resentenced.

On appeal, Douthit contends that the Double Jeopardy Clause of the Fifth Amendment precluded resentencing her once her prior drug sentence was fully served and that the resentencing so upset her settled expectations as to deprive her of due process. We have recently resolved this issue adversely to Douthit's contentions. See United States v. Smith, 115 F.3d 241, 246-48 (4th Cir.) (resentencing after drug sentence fully served neither constitutes double jeopardy nor violates due process), cert. denied, #6D 6D6D# U.S. ___, 66 U.S.L.W. 3282 (U.S. Oct. 14, 1997) (No. 97-5789).* Consequently, we affirm. We

_____

*We recognize that arguably there is tension between Smith and United States v. Silvers, 90 F.3d 95 (4th Cir. 1996), on the double jeopardy issue. However, because Smith recognized the apparent conflict and distinguished Silvers, see Smith, 115 F.3d at 245-47, we are bound as a panel of the court by its holding.

2

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3