**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 97-4294

PRINCE LAMONT GILCHRIST,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-89-287-G)

Submitted: January 20, 1998

Decided: March 19, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Stuart Bruce, Acting Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Benjamin H.
White, Jr., Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1989, Prince Lamont Gilchrist was charged in a three-count indictment with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994), possession with the intent to distribute crack cocaine, in violation of 21 U.S.C.§ 841(a)(1) (1994), and carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 1994 & Supp. 1997). In March 1990, Gilchrist pleaded guilty to all three counts. Gilchrist was sentenced to imprisonment for seventy-three months for counts one and two and sixty months for count three. In 1996, following the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), Gilchrist filed a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), seeking to have his § 924(c) conviction set aside. The district court granted the motion and resentenced Gilchrist on the remaining convictions. The court increased Gilchrist's sentence of imprisonment from seventy-three months to 110 months, even though Gilchrist had not sought correction of his sentence as to his other convictions and he had already served eighty-three months in prison before he filed his § 2255 motion.

On appeal, Gilchrist contends (1) that the court was without jurisdiction to correct those portions of his sentence that he did not challenge in his motion; (2) that resentencing deprived him of due process; and (3) that the Double Jeopardy Clause precluded resentencing him once he served his sentence for the drug crimes. We have recently resolved all of these issues to the contrary. See United States v. Smith, 115 F.3d 241 (4th Cir. 1997) (resentencing after drug sentence fully served offends neither double jeopardy nor due process), cert. denied, ___ U.S ___, 66 U.S.L.W. 3282 (U.S. Oct. 14, 1997) (No. 97-5789); United States v. Hillary, 106 F.3d 1170 (4th Cir. 1997) (after granting § 2255 motion, court has jurisdiction to resen-

2

tence "as may appear appropriate"). Consequently, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3