UNITED STATES of America,

v.

**Roger TWINN, Appellant.**

**No. CRIM.A. 04–482.**

United States District Court,
E.D. Virginia,
Alexandria Division.

May 9, 2005.

Rosie Haney, Esquire, Assistant United States Attorney, United States Attorney's Office, Alexandria, VA, for Plaintiffs.

Roger Twinn, Alexandria, VA, Pro se.

## *MEMORANDUM ORDER*

LEE, District Judge.

THIS MATTER is before the Court on Defendant Roger Twinn's appeal of the decision of Magistrate Judge Jones finding Defendant Twinn guilty of a violation of 36 C.F.R. § 2.32(a)(1). Magistrate Judge Jones found that Defendant interfered with a government employee engaged in official duty. Defendant Roger Twinn was in a national parks area when he spotted an individual he knew from prior experience to be an undercover police officer investigating illegal sexual solicitation in the park. Defendant Twinn was observed to be approaching individuals in the park, speaking to the individuals, and pointing

towards the undercover police officer. The Magistrate Judge found the defendant guilty of pointing out the undercover police officer to other men in the park in order to prevent and to interfere with the undercover officer's investigation of illegal sexual solicitation in a public national park. The appeal presents three issues before the Court. The first issue is whether Defendant violated 36 C.F.R. § 2.32(a)(1) when he identified an undercover police officer to another person in a park. The second issue is whether the evidence was sufficient to support a finding of guilt. The third issue is whether the First Amendment protects Defendant's statements. The Court denies Defendant Roger Twinn's appeal because sufficient evidence established that his conduct violated 36 C.F.R. § 2.32(a)(1) and the First Amendment did not protect his statements.

## I. BACKGROUND

On July 8, 2004, Roger Twinn was walking through Turkey Run Park, a National Park which is patrolled by the United States Park Police and located in the Eastern District of Virginia. Tr. at 60. Sergeant Scott Grimard and Officer Ross Dykman of the United States Park Police were on plainclothes duty in the park on the same day to address complaints of illegal public activity and solicitation for sexual disorderly conduct by men. Tr. at 7–8, 10. Mr. Twinn was sitting at a picnic table when Officer Dykman walked past him and continued walking down the path. Tr. at 8. Mr. Twinn followed Officer Dykman down the trail and engaged him in conversation. Tr. at 8–9. While they spoke, Sergeant Grimard walked by and Mr. Twinn told Officer Dykman that Sergeant Grimard was a police officer who had arrested a friend of his. Tr. at 9. Mr. Twinn went on to say that he was "going to point him out to everybody." *Id.* Mr.

Twinn and Officer Dykman then parted company. Tr. at 10.

Shortly thereafter, Officer Dykman saw Mr. Twinn speak to another man and point at Sergeant Grimard while gesturing in his direction. Tr. at 11. Officer Dykman could not hear what Mr. Twinn said to the other man but testified that he was approximately fifty to seventy-five yards away from Mr. Twinn and nothing was obstructing his view. Tr. at 12–13. Sergeant Grimard testified that he had seen Mr. Twinn in the Park on numerous occasions and that when he sees Mr. Twinn he moves to a different area of the park. Tr. at 28, 30.

Mr. Twinn denied that he told the other man Sergeant Grimard was a police officer and testified instead that he was discussing trees with the man and may have been gesturing at the trees. Tr. at 65–68. Magistrate Judge Jones found Mr. Twinn guilty of interfering with a government official and determined that Mr. Twinn's testimony was not credible. The Magistrate Judge found Officer Dykman's testimony credible. Magistrate Judge Jones' Report Pursuant to Rule 58(g) at 2. On December 27, 2004, Defendant filed an appeal of Magistrate Judge Jones's verdict based on his assertions that the First Amendment protected Mr. Twinn's speech, his conduct did not violate 36 C.F.R. § 2.32(a)(1), and there was insufficient evidence with which to convict him. The United States argues, however, that there was sufficient evidence to show that Mr. Twinn's conduct violated 36 C.F.R. § 2.32(a)(1) and that the First Amendment does not protect Mr. Twinn's statements.

## II. DISCUSSION

### A. Standard of Review

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), a defendant may

appeal a magistrate judge's judgment to a district judge. "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." FED. R. CRIM. P. 58(g)(2)(D). Where the issue presented on appeal is purely a question of law, the district judge reviews the Magistrate Judge's decision *de novo*. *United States v. Smith*, 115 F.3d 241, 244 (4th Cir.1997). Credibility determinations are not susceptible to judicial review but rather are the sole province of the fact finder. *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.2002) (citing *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir.1996) (en banc)).

When reviewing the sufficiency of the evidence following a conviction, the Court views the evidence and the inferences drawn therefrom in the light most favorable to the Government. *Id.* The Court will sustain the verdict where "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Lomax*, 293 F.3d at 705 (citing *United States v. Myers*, 280 F.3d 407, 415 (4th Cir.2002)); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original).

## B. Analysis

*Did Mr. Twinn's Conduct Violate 36 C.F.R. § 2.32(a)(1)?*

■ Mr. Twinn's actions violated 36 C.F.R. § 2.32(a)(1) because he "intentionally interfer[ed] with a government employee or agent engaged in an official duty." 36 C.F.R. § 2.32(a)(1); *see also Hess v. Medlock*, 820 F.2d 1368, 1371 (4th Cir.1987) (finding that a defendant obstructed justice if he or she intentionally performed any act that obstructs, impedes, or hinders the administration of justice) (4th Cir.1987); *United States v. Bucher*, 375 F.3d 929, 932 (9th Cir.2004) (stating that 2.32(a)(1) protects both government operations and government employees). First, a police officer is a government agent or employee. Second, Sergeant Grimard was in the park in an official capacity and Mr. Twinn knew Sergeant Grimard was pursuing criminal activity. In *Davis v. DiPino*, the court found that where the undercover officers were leaving an official meeting, they were not engaged in police work at the time the defendant disclosed their identities. 121 Md.App. 28, 708 A.2d 357, 378 (1998), *aff'd in part, vacated in part, and remanded by* 354 Md. 18, 729 A.2d 354 (1999). Sergeant Grimard, however, was immediately engaged in an official capacity at the time Mr. Twinn revealed he was an undercover officer because Sergeant Grimard was in the park for the purpose of pursuing complaints of sexual solicitation. Tr. at 9, 25. Additionally, the Fourth Circuit affirmed a state court conviction where the defendant revealed information about an undercover investigation even though the defendant revealed the information at a location far from the police activity. *Hess v. Medlock*, 820 F.2d 1368, 1371, 1374. The facts in the case at bar are even stronger than in *Hess* because Mr. Twinn made his statements at the time and place of the police activity. Tr. at 9. Further, Mr. Twinn's comments to Officer Dykman that Sergeant Grimard was a police officer who had arrested a friend of his and that Mr. Twinn was going to identify him as an officer to everyone in the park indicated his awareness of Sergeant Grimard's job in the park. Tr. at 9, 25.

Third, Mr. Twinn intended to obstruct Sergeant Grimard's police work. The Supreme Court found the requisite intent to support a conviction where the defendant made a public statement of his intent to expose Central Intelligence Agency ("CIA") operatives and thwart their work. *Haig*, 453 U.S. at 283, 101 S.Ct. 2766. But when a defendant did not make a state-

ment regarding his purpose for identifying an undercover agent, the Court could not convict the defendant. *Davis,* 729 A.2d at 366, 373. Like the *Haig* defendant, Mr. Twinn made a statement of his intent to Officer Dykman. Mr. Twinn said that Sergeant Grimard was a policeman and he was going to tell everyone in the park, indicating Mr. Twinn's intent to interfere with Sergeant Grimard's work. Tr. at 9; 453 U.S. at 283, 101 S.Ct. 2766. Therefore, the Magistrate Judge reasonably found that Mr. Twinn was guilty of violating 36 C.F.R. 2.32(a)(1).

*Was the Evidence Sufficient to Support a Conviction?*

■ The evidence was sufficient to support a conviction because upon viewing the facts, inferences, and credibility determinations in the light most favorable to the government, a rational trier of fact could have found the essential elements of 36 C.F.R. § 2.32(a)(1) beyond a reasonable doubt. *Lomax,* 293 F.3d at 705 (citing *Myers,* 280 F.3d at 415); *Lomax,* 293 F.3d at 705 (citing *Burgos,* 94 F.3d at 863) (en banc); *United States v. Hoyte,* 51 F.3d 1239, 1245 (4th Cir.1995). First, the officers were in the park on an official duty. Defendant does not dispute that the officers were in the park to respond to complaints of sexual solicitation. Tr. at 10, 25. Second, Defendant indicated his intent to undermine the police work when he told Officer Dykman that Sergeant Grimard was a police officer and that he was going to tell everyone in the park. Tr. at 9, 22; Report Pursuant to Rule 58(g) at 2. Third, the Magistrate Judge found that Mr. Twinn then pointed out Sergeant Grimard to another man in the park. Tr. at 11, 22; Report Pursuant to Rule 58(g) at 2. The defendant contends that he did not tell the other man in the park anything about Sergeant Grimard. However, the Magistrate Judge found that Mr. Twinn was not credible. Report Pursuant to Rule 58(g) at 2; *see also Lomax,* 293 F.3d at 705 (citing

*Burgos,* 94 F.3d at 863 (finding that credibility determinations are not susceptible to judicial review)). Additionally, Sergeant Grimard's testimony that on earlier occasions when he saw Mr. Twinn, Sergeant Grimard moved to a different area of the park to work indicates his awareness of Mr. Twinn's efforts to undermine his work. Tr. at 30. Therefore, the evidence sufficiently establishes Mr. Twinn's guilt.

*Does the First Amendment Protect Mr. Twinn's Speech?*

■ Mr. Twinn's statements are not protected speech because the First Amendment does not protect conduct that intentionally obstructs government operations. *Haig,* 453 U.S. at 308, 101 S.Ct. 2766; *see also Carey v. Brown,* 447 U.S. 455, 470, 100 S.Ct. 2286, 65 L.Ed.2d 263 (1980) (noting that even peaceful speech in the form of picketing may be prohibited when it interferes with the operation of the government or when it has an illegal purpose) (citing *Adderley v. Florida,* 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149, (1966); *Teamsters v. Vogt, Inc.,* 354 U.S. 284, 292, 77 S.Ct. 1166, 1 L.Ed.2d 1347 (1957)). The defendant relies on *Davis* to assert that the First Amendment protected Mr. Twinn's statements. *See* 708 A.2d at 378 (protecting the defendant's speech under the First Amendment and stating that an undercover officer does not have a superior entitlement to maintain his or her anonymity at the expense of a citizen's right to free speech). However, in the *Davis* opinion on appeal, the Court found that the First Amendment protected the defendant's speech because the officers were not engaged in official activity when Defendant identified them and there was no evidence that the defendant intended to obstruct police activity. 729 A.2d at 366, 373; *see also,* 708 A.2d at 370 (requiring for conviction that Mr. Davis knew the officers were engaged in the performance of an official

duty when he identified them). Where the defendant intended to interfere with official activity and knew the agents he was publicly identifying were engaged in government work, the Court found that his speech was not protected. *Haig,* 453 U.S. at 308–09, 101 S.Ct. 2766.

The case at bar is unlike *Davis* and like *Haig* because Mr. Twinn was aware that Sergeant Grimard was conducting undercover police work and Mr. Twinn specifically intended to undermine Sergeant Grimard's police duties. Tr. at 9, 25. First, contrary to the *Davis* officers who had finished a meeting and were leaving the area when Mr. Davis identified them, Sergeant Grimard was acting in an undercover capacity when Mr. Twinn identified him because he testified that he was in the park for the purpose of investigating complaints of sexual solicitation. 708 A.2d at 371; Tr. at 25. Second, Mr. Twinn's statements to Officer Dykman that Sergeant Grimard previously arrested a friend of his and that he was going to tell everyone he was a police officer indicated that Mr. Twinn was aware that Sergeant Grimard was in the park in an official capacity. Tr. at 9. In *Davis,* there was no evidence the undercover officers were engaged in an official capacity at the time the defendant identified them. 729 A.2d at 366. Last, like the *Haig* defendant's statement of his plan to expose CIA operatives, Mr. Twinn's statement to Officer Dykman that he was going to tell everyone Sergeant Grimard was a police officer demonstrated his intention to interfere with Sergeant Grimard's official duties. Report Pursuant to Rule 58(g) at 1; Tr. at 9; 453 U.S. at 283, 101 S.Ct. 2766. Mr. Davis, however, did not make any statement regarding his purpose for identifying the undercover officers. 708 A.2d at 41–43. After making his statement, Mr. Agee publicly identified many undercover CIA agents and services in foreign countries. 453 U.S. at 284, 101 S.Ct. 2766. Like Mr. Agee, Mr. Twinn

followed through on his statement and identified Sergeant Grimard to another man in the park. Tr. at 11–13; Report Pursuant to Rule 58(g) at 2. The Supreme Court found that Mr. Agee's actions were "clearly not protected by the Constitution" because his declared purpose was to obstruct intelligence operations. 453 U.S. at 308–09, 101 S.Ct. 2766. The First Amendment likewise does not protect Mr. Twinn's conduct and Defendant's reliance on *Davis* is misplaced because it does not present similar facts.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant–Appellant's Appeal is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.