**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5616

STEVEN A. SILVERS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5708

STEVEN A. SILVERS,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-87-144-Y)

Argued: June 3, 1996

Decided: July 22, 1996

Before RUSSELL, HALL, and LUTTIG, Circuit Judges.

_____

Dismissed in part, vacated in part and remanded by published opin-
ion. Judge Russell wrote the opinion, in which Judge Hall and Judge
Luttig joined.

_____

**COUNSEL**

**ARGUED:** Gerald Chester Ruter, Baltimore, Maryland, for Appellant. Andrew George Warrens Norman, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

_____

**OPINION**

RUSSELL, Circuit Judge:

In this appeal we are asked to determine whether, <u>inter alia</u>, a district court, upon resentencing of a defendant pursuant to a successful 28 U.S.C. § 2255 motion, can <u>sua sponte</u> reinstate a previously-vacated conspiracy conviction. Finding no Double Jeopardy concerns, and noting that the Supreme Court recently cited to this practice with approval in <u>Rutledge v. United States</u>, #6D 6D6D# U.S. ___, 116 S. Ct. 1241 (1996), we affirm that aspect of the district court's order. However, the district court's restructuring of sentences on other counts, in such a way as to reimpose sentences which were fully served, did violate the Double Jeopardy Clause; hence, we vacate the resentencing order and remand the case for imposition of a 15-year sentence for the reinstated conspiracy count.

I.

In February 1988, a jury found Silvers guilty of supervising a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848, conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, two counts of interstate travel in aid of racketeering in violation of 18 U.S.C.§ 1952, and conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The district court vacated Silvers' conviction for conspiracy to possess and distribute cocaine because it was a lesser-included offense of the CCE conviction. In April 1988, Silvers was sentenced to 35 years on the CCE count, concurrent 15-year sentences on each of the possession with intent to distribute counts, and concurrent 5-year sentences on the remaining counts.

2

Silvers' convictions arose from his involvement in a large-scale cocaine trafficking ring based in Miami, Florida, with distribution networks in Maryland and elsewhere. The government's trial evidence primarily concerned Silvers' involvement with this drug-trafficking organization, and his coordination of two importations of cocaine and marijuana from Colombia in the summer of 1985. As to these latter transactions, the government's only witness was John Gerant, a co-conspirator testifying under a grant of immunity. Gerant is a licensed pilot and former Miami police officer who flew the drugs into the United States. Gerant testified that Silvers was the controlling force behind the drug organization. Based on this testimony, the jury found Silvers guilty of supervising a CCE.

Over the next several years, the government continued its investigation of this drug trafficking network. After further arrests and interviews with co-conspirators, the government realized that Gerant had, in fact, perjured himself at Silvers' trial, and that Gerant was likely the controlling force behind the major shipments of cocaine and marijuana from Colombia into the United States during the summer of 1985. The government subsequently prosecuted Gerant based upon this new information. Gerant was convicted of, inter alia, supervising a CCE. He received a 35-year sentence.

Silvers then filed the present § 2255 motion contending that his CCE conviction must be vacated because it was procured through Gerant's perjured testimony. Silvers contended that it was now clear that Gerant was really the person who organized the 1985 drug shipments. The district court agreed and ordered that Silvers was entitled to a new trial on the CCE conviction. However, because Silvers' previously-vacated conspiracy conviction no longer merged into a CCE conviction, the court sua sponte reinstated Silvers' conspiracy conviction.**1**

At resentencing, rather than merely vacating the 35-year sentence for the CCE conviction and imposing a sentence for conspiracy, the district court revisited Silvers' entire sentence, treating it as a pack-

_____

**1** The court first determined that Gerant's perjured testimony did not affect Silvers' conviction for conspiracy to possess with intent to distribute cocaine.

3

age. The court noted that Silvers had already served about seven years in prison, and that the maximum possible term available on the conspiracy count was 15 years. The court then imposed a 15-year sentence for conspiracy to possess with intent to distribute cocaine, and concurrent 15-year sentences on each of the three cocaine possession with intent to distribute counts. But, to increase the sentence, the court also resentenced Silvers to 5 years on each of the two interstate trafficking counts to run concurrent with each other, but consecutive to the conspiracy to possess with intent to distribute count, and an additional 5 years on the conspiracy to defraud the government count to run consecutive to the two interstate trafficking counts. The net result was that the district court imposed a 25-year sentence upon resentencing.

Silvers noted a timely appeal from this resentencing order, raising several issues challenging the district court's authority to reinstate the vacated conspiracy conviction on collateral attack, and to resentence Silvers on counts which Silvers never challenged in his § 2255 motion. Silvers subsequently filed a Fed. R. Civ. P. 59 motion to alter or amend the judgment. The district court denied this motion, contending it did not have jurisdiction because of Silvers' timely appeal. Silvers also noted an appeal from that order; both were consolidated into this action.

II.

At the outset, we must address the propriety of the district court's refusal to accept jurisdiction over Silvers' Fed. R. Civ. P. 59 motion, which was filed after Silvers noted a timely appeal to this court. Silvers contends the district court erroneously denied his Rule 59 motion and, therefore, that we should remand for the district court's consideration of that motion and refrain from exercising jurisdiction over his timely-filed appeal from resentencing.

Under the 1993 amendments to the Federal Rules of Appellate Procedure, when a party files a timely notice of appeal followed by a timely Rule 59 motion, the notice of appeal is tolled and does not become effective to confer jurisdiction on the court of appeals until the entry of an order disposing of the Rule 59 motion. Fed. R. App. P. 4(a)(4), advisory committee's note. We agree with Silvers that,

4

based on the language of Rule 4, the district court erroneously concluded that it could not exercise jurisdiction over his Rule 59 motion. However, we disagree with Silvers over the impact of the district court's ruling. Although the district court incorrectly refused to accept jurisdiction over his Rule 59 motion, its order clearly "disposed" of that motion. Under Rule 4, therefore, Silvers' previously filed notice of appeal became effective and vested this court with jurisdiction to hear his appeal from the district court's resentencing order.

Although we could decline to take jurisdiction over this case and instead remand for the district court's consideration of Silvers' Rule 59 motion, we believe the underlying issues are ripe for our resolution. They were briefed by both parties and fully argued before this panel of judges. Hence, although the district court's ruling on the Rule 59 motion was erroneous, "it is difficult to see what principle would be vindicated by sending this case on what would almost certainly be a brief round trip to the [district court]." Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 446 (1988). Accordingly, we dismiss the appeal from the district court's denial of Silvers' Rule 59 motion, and proceed to the merits of the case.

III.

We turn first to Silvers' contention that the district court erroneously reinstated his conviction and sentence for conspiracy to possess with intent to distribute cocaine after vacating the CCE conviction. Silvers takes issue with this action on appeal, arguing that because he had a legitimate expectation of finality in his sentence, the district court's action of reinstating the previously-vacated conviction subjected him to punishment anew in violation of the Double Jeopardy Clause.

A.

Silvers' argument is one of first impression in this court. However, prior precedent from the Supreme Court and other circuits squarely support the district court's action. The primary thrust of the Double Jeopardy Clause is to protect a defendant from multiple punishments or successive prosecutions for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). "[W]here there is no threat of

5

either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended." United States v. Wilson, 420 U.S. 332, 344 (1975).

In Wilson, the Supreme Court held that reinstating a jury's verdict of conviction on direct appeal, which the district court had erroneously vacated pursuant to the defendant's post-trial motion for judgment of acquittal, did not violate the Double Jeopardy Clause. Id. at 353. The Court reasoned that such an act merely reinstated a jury's prior verdict of conviction. Because reinstatement did not subject the defendant to a new trial or multiple punishments, there were no double jeopardy concerns. Id. at 344-45; accord United States v. Bjerke, 796 F.2d 643, 646 (3rd Cir. 1986) ("The Double Jeopardy Clause is implicated only where there is a threat of multiple punishments or a second prosecution. . . . Such is not the case where, as here, the appellate court is asked only to reinstate a vacated verdict."). And, the Sixth Circuit, without comment, has done exactly what the district court did here: reinstate a previously-vacated conspiracy conviction after vacating a defendant's CCE conviction for insufficiency of the evidence. United States v. Ward, 37 F.3d 243, 250 (6th Cir. 1994), cert. denied, 115 S. Ct. 1388 (1995).

There is also abundant precedent supporting the analogous proposition that an appellate court on direct appeal may impose a conviction for a lesser-included offense when it vacates a greater erroneous conviction, even though the jury did not render an express verdict on the lesser offense. See, e.g., Morris v. Mathews, 475 U.S. 237, 246-47 (1986) (holding that court may reduce a jeopardy-barred conviction to a conviction for a lesser-included offense that is not jeopardy-barred, unless the defendant can show a reasonable probability that he would not have been convicted of the nonjeopardy-barred offense absent the presence of the jeopardy-barred offense); United States v. Dinkane, 17 F.3d 1192, 1198-99 (9th Cir. 1994) (holding that trial court may enter a judgment of conviction for lesser-included unarmed bank robbery where evidence was insufficient to support actual conviction for greater offense of armed bank robbery); Dickenson v. Israel, 482 F. Supp. 1223, 1226 (E.D. Wisc. 1980) (same). This practice does not violate the Double Jeopardy Clause because, in essence, the defendant is not subjected to multiple punishment; rather, he is placed in exactly the same position in which he would have been had

6

there been no error in the first instance. Such is Silvers' predicament. By reinstating the conspiracy conviction, the district court avoided giving Silvers a windfall and placed him in exactly the same position he would have been in had he not been erroneously convicted of the CCE count in the first instance.

B.

Silvers asks us to distinguish his case on the ground that the district court reinstated the previously-vacated conviction on collateral attack, not on direct appeal. Silvers concedes it would not have violated the Double Jeopardy Clause for a reviewing court on direct appeal to vacate his CCE conviction and reinstate the conspiracy conviction. However, once he exhausted his direct appeal, Silvers contends he then had an expectation of finality in his conviction and sentence that barred reinstatement of previously-vacated convictions on collateral attack.

We believe that in the present context, Silvers is asking us to exalt form over substance and draw a distinction without a difference. The Supreme Court has expressly rejected the notion that an expectation of finality accrues in all cases at a fixed point in time: "the Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." United States v. DiFrancesco, 449 U.S. 117, 137 (1980). Based on DiFrancesco, we decline to declare a ruling which would provide defendants bright-line protection under the Double Jeopardy Clause at the point they exhaust their direct appeals. Instead, as we have previously-enunciated, the appropriate inquiry from DiFrancesco is whether at a particular point in time, the defendant has a legitimate expectation of finality in his sentence. United States v. Bello, 767 F.2d 1065, 1070 (4th Cir. 1985).

Even with the passage of seven years, we fail to see how Silvers can claim a legitimate expectation that the district court's earlier vacation of his conspiracy conviction was final, when he was in the process of challenging the existence of the conviction upon which that vacation was based. The cases upon which Silvers relies disprove his own reasoning and lead us to the opposite conclusion. For instance, in United States v. Cochran, 883 F.2d 1012 (11th Cir. 1989), Cochran

7

was originally sentenced to 30 years' imprisonment for four drug convictions. He received 15 years on each count to run concurrent to each other, with an additional 15-year statutory enhancement on each count. On collateral attack, Cochran successfully argued that the district court erred in imposing the statutory enhancement. At resentencing, Cochran expected the district court to vacate the enhancement and impose a total 15-year sentence. Instead, the district court replaced Cochran's sentence with a package of unenhanced concurrent and consecutive sentences totalling 25 years. Id. at 1014.

On appeal, the Eleventh Circuit considered whether, on collateral attack, revisiting those aspects of Cochran's sentences that were unchallenged violated the Double Jeopardy Clause. Similar to Silvers' contention, Cochran argued that he had a legitimate expectation that he would receive concurrent 15-year sentences and that the Double Jeopardy Clause protected that expectation. The court rejected this claim for two reasons. First, it noted that the Double Jeopardy Clause protects a defendant's legitimate expectation of finality in the length of sentence by prohibiting, in some cases, an increase in a defendant's sentence in a second proceeding. Cochran, however, suffered no greater jeopardy on resentencing because the district court actually decreased the overall sentence from 30 to 25 years. Id. at 1017. Second, despite that this was a collateral attack case, Cochran could have no legitimate expectation of finality in his sentence because he requested that the prior sentence be nullified."[Cochran] has, by his own hand, defeated his expectation of finality, and`the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice."' Id. (quoting United States v. Scott, 437 U.S. 82, 99 (1978)).**2**

_____

**2** Silvers also cites United States v. Henry, 709 F.2d 298 (5th Cir. 1983) (en banc), and the following two cases from the Eleventh Circuit, one of which was rendered by the former Fifth Circuit before it was divided into the Eleventh and Fifth Circuits in 1981: United States v. Rosen, 764 F.2d 763 (11th Cir. 1985), cert. denied, 474 U.S. 1061 (1986); United States v. Chandler, 468 F.2d 834 (5th Cir. 1972). To the extent any of these cases can be read to stand for the proposition that a district court violates double jeopardy on resentencing from a successful collateral attack if it sentences on counts outside of those challenged, we think it clear they were overruled by DiFrancesco and Cochran. In fact, the Eleventh Circuit explicitly called into question their continued vitality in light of later Eleventh Circuit and Supreme Court precedents. Cochran, 883 F.2d 1015-16 n.6.

We find the reasoning in Cochran persuasive and consistent with DiFrancesco and our holding in Bello. Like Cochran, Silvers does not have a valid claim that the district court violated the Double Jeopardy Clause. Even after resentencing, Silvers' total sentence was reduced from 35 to 25 years. Additionally, as previously stated, it is disingenuous for Silvers to argue that he had a legitimate expectation of finality in his sentence merely because his claim was raised on collateral attack, when he challenged the greater offense upon which that vacation was solely based. We see no reason to relieve Silvers from the consequences of his voluntary choice merely because his challenge was successful on collateral attack rather than on direct appeal.

Moreover, we cannot ignore the curious posture of this case. While Silvers' appeal was pending, the United States Supreme Court decided Rutledge v. United States, #6D6D 6D# U.S. ___, 116 S.Ct. 1241 (1996), in which the Court cited with approval the very order now before us:

> Consistent with the views expressed by the D.C. Circuit, federal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense. See 8A J. Moore, Federal Practice ¶ 31.03[5], and n. 54 (2d ed. 1995); United States v. Ward, 37 F.3d 243, 251 (CA6 1994) (after finding insufficient evidence to support the CCE count, Court of Appeals vacated CCE conviction and sentence and remanded for entry of conspiracy conviction, which District Court had previously vacated as lesser included offense of CCE), cert. denied, 514 U.S. ___ (1995); UNITED STATES V. SILVERS, 888 F. Supp. 1289, 1306-1309 (ND [sic] Md. 1995) (reinstating conspiracy conviction previously vacated after granting motion for new trial on CCE conviction). This Court has noted the use of such practice with approval. Morris v. Mathews , 475 U.S. 237, 246-247 (1986).

Id. at 1250 (emphasis added). While that aspect of the Court's opinion was dictum, even Silvers' counsel conceded at oral argument that the Supreme Court's express ratification of the district court's action is

9

highly persuasive support for its constitutionality. We agree and conclude that the district court's action of reinstating Silvers' previously-vacated conspiracy conviction, after vacating his CCE conviction on grounds that did not affect the conspiracy conviction, was appropriate and did not violate the Double Jeopardy Clause.

IV.

We turn next to Silvers' challenge to the district court's reimposition of sentences for convictions upon which Silvers had already served the entire sentence. We agree that this practice violated the Double Jeopardy Clause.

In DiFrancesco, 449 U.S. at 133, the Supreme Court made clear that a criminal sentence is not to be afforded the finality and conclusiveness accorded an acquittal. Accordingly, to determine a double jeopardy violation in the context of increases in sentences, the focus turns to whether the defendant had a legitimate expectation of finality in his sentence. Bello, 767 F.2d at 1070. Although an expectation of finality does not legitimately accrue by the mere commencement of the sentence, once a defendant fully serves a sentence for a particular crime, the Double Jeopardy Clause's bar on multiple punishments prevents any attempt to increase thereafter a sentence for that crime. See Ex Parte Lang, 18 Wall. 163 (1874) (holding that double jeopardy was violated by resentencing of defendant who had fully served one of two alternative sentences); United States v. Lundien, 769 F.2d 981, 984-85 (4th Cir. 1985) (recognizing that court cannot reimpose sentence once defendant has fully served a lawful sentence for his crimes), cert. denied, 474 U.S. 1064 (1986).

By the time of Silvers' resentencing on his § 2255 motion, he had served approximately seven years' imprisonment. Accordingly, he had fully served all five-year sentences for both counts of interstate trafficking and one count of conspiracy to defraud the United States. All of these sentences were imposed concurrent to each other and to Silvers' original 35-year CCE conviction. Nonetheless, at resentencing, the district court reimposed these sentences, running two of them consecutive to a 15-year sentence for conspiracy to possess with intent to distribute cocaine so as to achieve a total sentence of 25 years. As the government concedes, reimposition of sentence on

10

counts upon which Silvers had fully satisfied his sentence violated the Double Jeopardy Clause.

Accordingly, we vacate the district court's resentencing order and remand this case for resentencing with directions to the district court to impose a 15-year concurrent sentence for the reinstated conspiracy conviction.

V.

In light of our holding vacating the district court's resentencing order and remanding for reimposition of sentence, we need not address Silvers' other arguments on appeal.**3**

No. 95-5616 - <u>VACATED AND REMANDED</u>

No. 95-5708 - <u>DISMISSED</u>

_____

**3** One of the several arguments Silvers raised on appeal is his contention that the original sentencing court committed reversible error when it forfeited his residence without adhering to the requirements of the criminal forfeiture statute, 21 U.S.C. § 853. This issue is not properly before us. The original sentencing order is not part of this appeal, and Silvers did not raise a forfeiture argument in the present § 2255 motion. We note, however, that the propriety of the forfeiture is currently pending before this court in an appeal from the denial of a <u>pro se</u> § 2255 motion filed by Silvers. That appeal is docketed as No. 95-6975.

11