104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael S. WHITE, Plaintiff-Appellant,
v.
UNITED AUTO WORKERS LOCAL 594; General Motors Corporation,
Defendants-Appellees.
 No. 96-1461, 96-1578.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1996.
 
 Before: BROWN, GUY, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Michael S. White moves for the appointment of counsel and for other miscellaneous relief on appeal from a district court grant of summary judgment for defendants in this employment discrimination action filed under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. White also appeals a subsequent order denying his post-judgment motion to alter or amend the judgment. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed two complaints in the district court alleging that he was denied a promotion due to his age and was subjected to retaliation after he won a promotion through a union grievance. Plaintiff asserted essentially the same causes of action against his union and his employer in the two complaints, and the district court consolidated the cases. Thereafter, plaintiff sought leave to amend his complaint to add individual defendants and to assert his claims under the Older Workers' Benefit Protection Act of 1990 (OWBPA), 29 U.S.C. § 621, et seq., and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq. Defendants moved for summary judgment, and plaintiff responded in opposition. The district court denied plaintiff's motion to amend and granted defendants' motions for summary judgment. Plaintiff filed a timely notice of appeal, and subsequently filed a timely Fed.R.Civ.P. 59(e) motion to alter or amend the judgment in the district court. The district court denied the motion, and plaintiff filed another timely notice of appeal. Upon consideration, the judgment is affirmed essentially for the reasons stated by the district court, and the order denying plaintiff's Fed.R.Civ.P. 59(e) motion is affirmed because the district court did not abuse its discretion in denying the motion.
 
 
 3
 First, plaintiff did not establish a prima facie case of either age or disability discrimination. See Monette v. Electronic Date Sys. Corp., 90 F.3d 1173, 1185 (6th Cir.1996) (ADA); Hartsel v. Keys, 87 F.3d 795, 800 (6th Cir.1996) (ADEA); Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir.) (ADEA), cert. denied, 510 U.S. 861 (1993). In addition, plaintiff's claim cannot be construed as a hybrid § 301 claim under the Labor Management Relations Act, 29 U.S.C. § 185, because the claim was brought beyond the applicable six-month statute of limitations. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 172 (1983). Accordingly, the district court properly granted summary judgment for defendants.
 
 
 4
 Moreover, the district court did not abuse its discretion in denying plaintiff's motion for leave to amend his complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962); Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990). Plaintiff does not challenge an employer's early retirement plan under the ADEA as amended by the OWBPA, see Lyon v. Ohio Educ. Ass'n & Professional Staff Union, 53 F.3d 135, 137 n. 2, 140 n. 7 (6th Cir.1995), and plaintiff does not dispute the district court's conclusion that he has not executed the waiver of his right to sue under the ADEA as required under the OWBPA. See Blakeney v. Lomas Info. Sys., Inc., 65 F.3d 482, 484-85 (5th Cir.1995); cert. denied, 116 S.Ct. 1042 (1996). Also, plaintiff did not allege a pattern of racketeering activity that could give rise to a civil RICO claim. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Further, the addition of individual defendants would not lend merit to any of plaintiff's claims. Therefore, plaintiff's motion for leave to amend his complaint was properly denied.
 
 
 5
 Finally, the district court did not abuse its discretion in denying plaintiff's Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). The district court determined that it lacked jurisdiction over the motion because plaintiff filed an earlier timely notice of appeal. While the district court at least arguably had jurisdiction to address the motion after the 1993 amendment to Fed.R.App.P. 4(a)(4), see United States v. Silvers, 90 F.3d 95, 98 (4th Cir.1996); 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2821 (1995), the district court cannot be deemed to have abused its discretion in denying the motion because plaintiff merely reiterated the allegations of his pleadings. See Silvers, 90 F.3d at 98. Accordingly, the district court's order denying plaintiff's post-judgment motion is affirmed.
 
 
 6
 For the foregoing reasons, plaintiff's motions for the appointment of counsel and for other miscellaneous relief are denied, and the district court's grant of summary judgment for defendants and its order denying plaintiff's motion to alter or amend the judgment are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.