**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1008**

DIANA C. BERRIOS,

             Plaintiff - Appellee,

     v.

MICHAEL SHIN,

             Defendant - Appellant,

     and

GREEN WIRELESS, LLC; MICHAEL PAK,

             Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George J. Hazel, District Judge.  (8:14-cv-03655-GJH)

Submitted:  July 18, 2017                          Decided:  July 21, 2017

Before GREGORY, Chief Judge, and DUNCAN and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Shawn C. Whittaker, WHITTAKER & ASSOCIATES, PC, Rockville, Maryland, for Appellant. Michael K. Amster, ZIPIN, AMSTER & GREENBERG, LLC, Silver Spring, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Shin seeks to appeal the district court's order granting Diana C. Berrios' motion for attorney's fees and costs. Before addressing the merits of Shin's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). Generally, "a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 134 S. Ct. 773, 779 (2014) (internal quotation marks omitted).

When Shin filed his notice of appeal, the district court's order was final because it dismissed Berrios' remaining claims against Green Wireless, LLC ("Green") and Michael Pak. However, after Shin filed his notice of appeal, Berrios filed a timely motion to vacate the district court's order pursuant to Fed. R. Civ. P. 59(e). The district court granted Berrios' motion and reinstated her claims against Green and Pak. Those claims remain pending in the district court. Pursuant to Fed. R. App. P. 4(a)(4)(B)(i), "when a party files a timely notice of appeal followed by a timely Rule 59 motion, the notice of appeal is tolled and does not become effective to confer jurisdiction on the court of appeals until the entry of an order disposing of the Rule 59 motion." *United States v.*

3

*Silvers*, 90 F.3d 95, 98 (4th Cir. 1996); *accord Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005).  Thus, Shin's notice of appeal was suspended until the district court ruled on Berrios' Rule 59(e) motion.

Because the district court vacated its dismissal of Berrios' claims against Green and Pak, its order granting Berrios' motion for attorney's fees is no longer a final order, nor is it an immediately appealable collateral order.  "[A]n appealable collateral order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."  *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Review Comm'n*, 742 F.3d 82, 86 (4th Cir. 2014) (internal quotation marks omitted).  We can effectively review the issue of attorney's fees on appeal from a final judgment.  *See Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 959 (5th Cir. 1988).

Accordingly, we dismiss the appeal for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

4