**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4184**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

STEPHAN M. BULLIS,

Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:95-cr-00142-FL-1)

─────────────

Argued:  September 25, 2024                 Decided:  November 26, 2024

─────────────

Before KING, BENJAMIN, and BERNER, Circuit Judges.

─────────────

Vacated and remanded by published opinion. Judge Berner wrote the opinion, in which Judge King and Judge Benjamin joined.

─────────────

**ARGUED:**  Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Katherine Simpson Englander, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

BERNER, Circuit Judge:

Following a nine-day trial, Stephen Bullis was convicted of six federal crimes, including two counts of using a firearm during and in relation to other crimes, in violation of 18 U.S.C. § 924(c). After Bullis had served twenty-three years in prison, the United States Supreme Court struck down the "residual clause" of 18 U.S.C. § 924(c) as unconstitutional. That ruling resulted in the district court setting aside Bullis's two Section 924(c) convictions and resentencing him on the remaining four counts. Bullis contends that the resentencing on the four remaining counts violated his rights under the Double Jeopardy Clause of the United States Constitution because he had fully served his sentence on these counts at the time of the resentencing.

Bullis's challenge requires us to determine whether two of this court's prior opinions, *United States v. Silvers*, 90 F.3d 95 (4th Cir. 1996), and *United States v. Smith*, 115 F.3d 241 (4th Cir. 1997), can be read in accord with one another. Both address the question of when a criminal sentence should be deemed "fully served" for purposes of double jeopardy analysis. We conclude that *Silvers* and *Smith* do not conflict and further hold that Bullis's resentencing did not violate the Double Jeopardy Clause.

Bullis also challenges his resentencing as having been in violation of the fundamental precept that criminal defendants have a right to be present for their sentencing. Bullis contends that the district court erred by imposing a special condition of supervised release that differed materially from the court's oral pronouncement. Bullis also contends that the district court erred because it failed to incorporate clearly the Standard Conditions

of Supervision as adopted in the Eastern District of North Carolina. We agree with both contentions, and therefore we vacate and remand for resentencing.

## I. Background

### A.

After doubling the payout on his then-wife's life insurance policy, Bullis built and mailed two improvised explosive packages to her office. Only one of the packages reached its intended destination.[1] Bullis's then-wife opened that package in her office. The resulting explosion caused her severe and permanent harm. The explosion also substantially damaged the building and caused physical and emotional trauma to several other people in the office.

In June 1996, Bullis was tried and convicted on six separate counts:

Count 1:  mailing nonmailable matter, in violation of 18 U.S.C. § 1716;

Count 2:  damaging a building used in interstate commerce via explosives and causing personal injury, in violation of 18 U.S.C. § 844(a);

Count 3:  using a firearm[2] during and in relation to Counts 1 and 2, in violation of 18 U.S.C. § 924(c);

Count 4:  placing nonmailable matter into the mail, in violation of 18 U.S.C. § 1716;

---

[1] Bullis placed the second package in a mail collection bin that was not in use. Fortunately, that package was subsequently located by a mail carrier and disarmed by law enforcement without detonating.

[2] The term "firearm" includes, for purposes of 18 U.S.C. § 924(c), "any destructive device," including in this case an explosive package. *See* 18 U.S.C. § 921(a)(3).

3

Count 5: attempting to damage a building used in interstate commerce in violation of 18 U.S.C. § 844(i); and

Count 6: using a firearm during and in relation to Count 5 in violation of 18 U.S.C. § 924(c).

The district court sentenced Bullis to 235 months of imprisonment on each of Counts 1, 2, 4, and 5, all to run concurrently. On Count 3, the district court sentenced Bullis to 360 months to run consecutive to the 235-month concurrent sentences on Counts 1, 2, 4, and 5. On Count 6, the district court imposed a lifetime sentence, also to run consecutive to the 235-month concurrent sentences on Counts 1, 2, 4, and 5.

## B.

Twenty-three years after Bullis was convicted, this court, sitting *en banc*, held that the "residual clause" of 18 U.S.C. § 924(c) was unconstitutionally void for vagueness. *See United States v. Simms,* 914 F.3d 229 (4th Cir. 2019) (en banc). The Supreme Court then confirmed that holding in *United States v. Davis,* 588 U.S. 445 (2019). After these rulings, Bullis filed a motion to vacate his two Section 924(c) convictions. The district court granted that motion, setting aside Counts 3 and 6 of his conviction. The district court then resentenced Bullis on the four remaining counts.

At the time of the resentencing, Bullis had served 331 months in prison. Following a hearing, the district court imposed a revised sentence of 450-months' imprisonment on Count 2 and 240 months on Counts 1, 3, and 5, all to run concurrently. The resentencing thus left Bullis with approximately 119 months remaining to serve on Count 2.

4

The district court concluded the resentencing hearing by imposing five years of supervised release and orally pronouncing the terms of release. Those terms included a special condition of supervised release that required Bullis to consent to warrantless searches. The district court's oral pronouncement of the special condition was as follows:

> In order to effectively supervise you, you're going to have to consent to warrantless searches of your computer, your phone, any data storage or collection device, your car, your house, your person, by law enforcement or by the probation office; but, Mr. Bullis, that's only if there's a reasonable suspicion that you're breaking the law or violating supervised release, or if your officer needs to search you in the lawful discharge of the officer's duties. You'll agree to that without a warrant.

J.A. 579-80. After the resentencing hearing, the district court issued a written judgment. The written judgment included a term that had not been part of the court's oral pronouncement. It added a term that required Bullis to submit to searches of his "effects" in addition to the terms previously listed during the hearing. The written judgment required Bullis to:

> [S]ubmit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, or other electronic communication or data storage devices or media, *and effects* upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision function.

J.A. 289 (emphasis added).

The district court also pronounced orally during the resentencing hearing what it deemed to be "standard conditions" of release. Importantly, the Eastern District of North Carolina has a standing order that, if incorporated into an oral pronouncement, sets the standard conditions of supervised release. Standing Order 21-SO-5 (effective May 6, 2021)

5

(Standard Conditions of Supervision as adopted in the Eastern District of North Carolina).

When orally imposing the terms of Bullis's supervised release, the district court stated as

follows:

> There are standard conditions in this district, and I tell defendants when I explain that these are things you should be doing anyway: Don't lie to your probation officer. Sometimes I see people not because, per se, what they did wrong under supervised release, but because when questioned, they lied about it. You can't effectively supervise a liar. So if there's lying going on, you're going to see the Court, and that's going to be a real issue. Things like you can't live any place that hasn't been preapproved. You can't associate with convicted felons unless you have permission in advance. People can change. You can't be around people who are breaking the law. Open the door when your probation officer comes to visit you, wherever the probation officer comes to visit you. Standard conditions you'll comply with.

J.A. 579.

## II. Standard of Review

We review this appeal under two standards. Because Bullis did not argue before the

district court that the resentencing violated the Double Jeopardy Clause, we review that

claim for plain error. Fed. R. Crim. P. 52(b); *see also United States v. Olano*, 507 U.S. 725,

731-32 (1993). Plain-error review requires that a defendant establish (1) an error; (2) that

is plain; and (3) that affects his substantial rights. *Olano*, 507 U.S. at 732. "Only if a

defendant establishes these three elements can we grant discretionary relief." *United States

v. Collins*, 982 F.3d 236, 241 (4th Cir. 2020).

We review "the consistency of [an] oral sentence and the written judgment *de novo*,

comparing the sentencing transcript with the written judgment to determine whether an

6

error occurred as a matter of law." *United States v. Rogers,* 961 F.3d 291, 296 (4th Cir. 2020) (internal quotations omitted).

## III. Double Jeopardy Clause

The Fifth Amendment of the United States Constitution establishes that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This Double Jeopardy Clause guarantee consists of three separate constitutional protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). It is the last of these protections—the protection against multiple punishments for the same offense—that Bullis contends the district court violated when it resentenced him on Counts 1, 2, 4, and 5.

A criminal sentence is not afforded the finality and conclusiveness afforded to an acquittal. *United States v. DiFrancesco*, 449 U.S. 117, 133 (1980). Accordingly, to determine if an increased sentence for the same conviction violates the Double Jeopardy Clause, we consider "whether the defendant had a legitimate expectation of finality in his sentence." *United States v. Silvers*, 90 F.3d 95, 101 (4th Cir. 1996). "Although an expectation of finality does not legitimately accrue by the mere commencement of the sentence, once a defendant fully serves a sentence for a particular crime, the Double Jeopardy Clause's bar on multiple punishments prevents any attempt to increase thereafter a sentence for that crime." *Id.* (citing *Ex Parte Lange*, 85 U.S. (18 Wall.) 163 (1873)).

This court has considered when a sentence is "fully served" for purposes of the Double Jeopardy Clause in two prior cases: *United States v. Silvers*, 90 F.3d 95, and *United States v. Smith*, 115 F.3d 241 (4th Cir. 1997). Although the parties agree that these cases control our inquiry, Bullis argues that *Silvers* and *Smith* are in direct conflict and cannot be reconciled. Appellant Reply Br. at 5. He correctly notes that when two of this court's panel opinions conflict, we are bound to follow the earlier-decided case. *See McMellon v. United States*, 387 F.3d 329, 332-33 (4th Cir. 2004) (en banc). Because *Silvers* was decided earlier, Bullis argues that we are bound to follow its holding.

Bullis contends that *Silvers* requires us to hold that he had fully served his sentences on Counts 1, 2, 4, and 5 at the time of his resentencing. Thus, Bullis claims that his resentencing on these counts violated the Double Jeopardy Clause. Bullis's arguments would require us to conclude that the holding in *Smith* conflicts with the holding in *Silvers* and must not be followed.

We find no such conflict in this court's prior decisions. Instead, we conclude that *Silvers* and *Smith* are fully in accord, and *Smith* controls our inquiry here.

A.

We begin our analysis with this court's earlier decision, *United States v. Silvers*. Silvers was convicted of the following crimes: one count of supervising a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848; three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841; two counts of interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952; and one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. *Silvers*, 90 F.3d at 97.

8

Silvers was originally sentenced to 420 months' imprisonment on the CCE count, 180 months on each of the three possession-with-intent-to-distribute counts, and 60 months on each of the two counts of interstate travel in aid of racketeering and the conspiracy-to-defraud count. *Id.* Each sentence was imposed to run *concurrently*. *Id.*

After several years of imprisonment, Silvers successfully argued that his 420-month sentence for the CCE count had to be vacated because it had been procured through perjured testimony. *Id.* The district court vacated the CCE conviction and held a resentencing hearing on the remaining counts. *Id.* At the time of the resentencing, Silvers had served approximately 84 months' imprisonment. *Id.* at 101.

At the resentencing hearing, the district court attempted to revise Silvers's sentences on the remaining counts to impose a term of imprisonment similar to the original sentence. *Id.* at 97-98. The district court first reimposed the three concurrent 180-month sentences on each of the possession-with-intent-to-distribute counts. *Id.* at 98. The district court then imposed two concurrent 60-month sentences for the interstate-travel-in-aid-of-racketeering counts, to run *consecutive* to the possession-with-intent-to-distribute sentences. *Id.* Finally, the district court imposed one 60-month term for the conspiracy-to-defraud count, to run *consecutive* to the possession-with-intent-to-distribute and interstate-travel-in-aid-of-racketeering sentences. *Id.* In all, the district court's revised sentence totaled 300 months' imprisonment.

Silvers challenged the resentencing under the Double Jeopardy Clause. Because he had already served 84 months, Silvers argued that his 60-month sentences for both counts of interstate travel in aid of racketeering and the one count of conspiracy to defraud the

9

United States had been fully served. *Id.* at 101. This court agreed, holding that the reimposition of those sentences to run consecutive to the three possession-with-intent-to-distribute counts violated the Double Jeopardy Clause. *Id.* This court explained that the sentences had been *fully served* because "[a]ll of these sentences were imposed *concurrent* to each other and to [Silvers's] original [420-month] CCE conviction." *Id.* (emphasis added).

B.

Less than a year after the ruling in *Silvers*, this court decided a similar Double Jeopardy Clause challenge to a resentencing. In *United States v. Smith*, Smith had been convicted of the following crimes: one count of conspiracy with intent to distribute, in violation of 21 U.S.C. § 846; one count of possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and one count of using a firearm during a felony drug offense, in violation of 18 U.S.C. § 924(c). 115 F.3d at 243. Smith was sentenced to 37 months of imprisonment for the two consolidated intent-to-distribute counts and 60 months for the firearm offense. *Id.* The sentence for the firearm offense was imposed to run *consecutive* to the sentence for the intent-to-distribute counts, for a total sentence of 97 months. *Id.*

After the Supreme Court ruled in *Bailey v. United States*, 516 U.S. 137 (1995), that "active employment" of a firearm is required to support an 18 U.S.C. § 924(c)(1) conviction, Smith successfully moved to vacate his 60-month firearm sentence. *Smith*, 115 F.3d at 243. After vacating that count, the district court held a resentencing hearing on Smith's two remaining convictions for intent to distribute. *Id.* At the time of the resentencing hearing, Smith had completed slightly more than 37 months of imprisonment.

10

*Id.* The district court resentenced Smith to 89 months' imprisonment for the intent-to-distribute counts. *Id.* at 243-44.

Smith challenged the resentencing as a violation of his right against double jeopardy. The *Smith* court recognized that *Silvers* held that "if a defendant has fully discharged his sentence pertaining to certain counts, he may not be resentenced on those counts." *Id.* at 246. *Silvers* did not, however, resolve the question of "whether Smith [had] *fully* discharged his sentence." *Id.* (emphasis in original).

Smith based his double jeopardy claim "on the premise that the sentences on the drug related counts were separate and distinct from the sentence on the [gun related] count." *Id.* at 247. Unlike Silvers's concurrent sentences, however, Smith's 97-month sentence was "one unified term of imprisonment" made up of multiple sentences to run consecutively. *Id.* In other words, when sentences are imposed consecutively, those sentences are deemed a "package." *Id.* This has come to be known as the sentence package theory. Because Smith's 97-month sentence—which included consecutive sentences for the two consolidated intent-to-distribute counts and the firearm offense—was "one aggregate sentence," this court held that his sentence package had not been fully served at the time of the resentencing. *Id.* Thus, Smith's revised sentence for the intent-to-distribute counts was not in violation of the Double Jeopardy Clause.

C.

We begin our application of *Silvers* and *Smith* in this case with the principle that we must endeavor to harmonize the holdings of our prior opinions whenever possible. *See, e.g.*, *United States v. Hansen*, 929 F.3d 1238, 1254 (10th Cir. 2019). Finding harmony in

11

*Silvers* and *Smith* does not prove difficult. The critical distinction between these cases that allows us to reconcile their holdings is that Silvers's sentences ran *concurrently* whereas Smith's ran *consecutively*.

The district court in *Silvers* originally imposed four sentences that all ran *concurrent* with one another. 90 F.3d at 97. Because they ran concurrently, each sentence was distinct from and independent to every other sentence. Thus, at the time of Silvers's resentencing, he had fully served the sentences for the two counts of interstate travel in aid of racketeering and the conspiracy-to-defraud count. This graph depicts Silvers's sentences at the time of his resentencing:



*U.S. v. Silvers* at time of resentencing

At the time of Silvers's resentencing, only the three 180-month sentences for intent-to-distribute had not been fully served. These were thus the only sentences that the district court could revise without running afoul of the Double Jeopardy Clause. Reimposing the sentences for the two counts of interstate travel in aid of racketeering and the conspiracy-

12

to-defraud count amounted to "reimposition of sentence on counts upon which Silvers had fully satisfied his sentence." *Silvers*, 90 F.3d at 101.

Smith, by contrast, was sentenced to a consolidated term of 37 months for the drug-related crimes and a *consecutive* firearms sentence of 60 months, for a total sentence of 97 months. *Smith*, 115 F.3d at 243. At the time he was resentenced, Smith had yet to serve the entire 97-month package of consecutively imposed sentences. *Id.* at 247. This graph depicts Smith's sentences at the time of his resentencing:



*U.S. v. Smith* at time of resentencing

Because Smith had yet to serve fully his sentences for intent to distribute, the district court's reimposition of sentences for those crimes did not run afoul of the Double Jeopardy Clause.

The rule from *Silvers* and *Smith* can be summarized succinctly: reimposition of a sentence fully served violates the Double Jeopardy Clause, but any component sentence of

a consecutive sentence package is not fully served until the aggregate sentence package has been fully served.

D.

Our double jeopardy inquiry here is straightforward when we apply the sentence package rule. Bullis was originally sentenced to 235 months on Counts 1, 2, 4, and 5, each to run concurrently with one another. The district court imposed a 360-month sentence for Count 3 and a life sentence for Count 6, both consecutive to the 235-month sentences for Counts 1, 2, 4, and 5. Thus, the district court imposed two sentence "packages": a 595-month sentence for Counts 1, 2, 3, 4, and 5, and a life sentence plus 235 months for Counts 1, 2, 4, 5, and 6. This graph depicts Bullis's sentences at the time of his resentencing:



*U.S. v. Bullis* at time of resentencing

Because Bullis had served 331 months at the time of resentencing, he had yet to complete either of the aggregate sentence packages. As a result, the district court could

14

resentence Bullis on Counts 1, 2, 4, and 5 without violating his double jeopardy rights. We find that the district court did not err in resentencing Bullis on these counts, and therefore our plain error review ends on the first prong.

## IV. *Rogers* Analysis

We next turn to the conditions of supervised release imposed by the district court at Bullis's resentencing. Bullis raises two challenges, both grounded in this court's ruling in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). Bullis first contends that the district court's oral pronouncement of the special search condition was not a sufficient match to the written condition. The *Rogers* court recognized that a material discrepancy between written and orally articulated discretionary conditions of supervision violates a criminal defendant's right to be present for sentencing. 961 F.3d at 296 (citing Fed. R. Crim. P. 43(a)(3)).

Bullis also argues that the district court erred when it failed to incorporate expressly the Standard Conditions of Supervision as adopted in the Eastern District of North Carolina. In addition to requiring a match between a district court's oral and written sentencing pronouncements, *Rogers* also held that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *Id.* This requirement emanates from the same fundamental precept that a criminal defendant has a right to be present when he is sentenced. *Id.*

In our circuit, such errors have come to be known as *Rogers* errors. *United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022). The remedy for *Rogers* errors "is to vacate the

15

sentence and remand to the district court for resentencing." *Id.* We evaluate each of Bullis's *Rogers* arguments independently.

## A.

There is no dispute that the district court did not include the phrase "and effects" in the special search condition when it orally pronounced Bullis's sentence. *Compare* J.A. 579-80 *with* J.A. 289. The Government contends that the failure to include this phrase did not create a mismatch between the written judgment and the oral pronouncement. The Government makes two arguments in support of its contention.

The Government first argues that Bullis's presentence report contained a recommendation for a special search condition that included the phrase "and effects" and Bullis did not object to that condition. Gov't Br. at 19-20. The Government contends that the district court intended to impose the presentence report's special search condition. *Id.* This court has made clear, however, that "presentence reports do not have the force of law. Unless and until a district court adopts a presentence report's recommendations, those recommendations remain just that: nonbinding *recommendations*." *Cisson*, 33 F.4th at 193 (emphasis in original). The district court neither adopted nor incorporated the recommendations in Bullis's presentence report at the resentencing hearing. *See Rogers*, 961 F.3d at 300 (describing oral incorporation of written conditions). Thus, the presentence report search condition was nothing more than a nonbinding recommendation and Bullis would have had no reason to object to its contents.

The Government next argues that the oral pronouncement and the written judgment do not differ substantively. According to the Government, the addition of the phrase "and

16

effects" has no meaning because "effects" was intended to refer only to Bullis's personal belongings "within the locations already named" by the special condition. Gov't Br. at 20. We disagree. The plain meaning of the word "effects" extends far further than the Government suggests. Even the Government concedes that Black's Law Dictionary defines "effects" to include "[m]ovable property; goods." *Id.* The district court's oral pronouncement was narrower than a condition that would include all of Bullis's movable property. The district court specified only Bullis's computer, phone, data storage or collection devices, car, house, and person as proper subjects of search. Nothing more. Because the district court's written judgment contains a search category that is substantially broader than its oral pronouncement, the two materially differ. The addition of the phrase "and effects" to the written judgment was, therefore, reversible *Rogers* error.

B.

We last turn to Bullis's second claim of *Rogers* error. Bullis claims that the district court failed to incorporate expressly the Standard Conditions of Supervision as adopted in the Eastern District of North Carolina at the resentencing hearing, yet those conditions were included in the court's written judgment. If a written judgment includes conditions not imposed orally, then the proper remedy is to remand for full resentencing. *United States v. Singletary,* 984 F.3d 341, 346 & n.4 (4th Cir. 2021).

"[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation" by "expressly incorporating a written list of proposed conditions." *Rogers*, 961 F.3d at 299. This includes "a court-wide standing order that lists certain conditions of supervised release." *Id.* The Eastern District of North Carolina has

17

such a standing order. Standing Order 21-SO-5 enumerates discretionary conditions of supervised release. It also clearly specifies that "any reference in the pronouncement of a sentence to the 'Standard Conditions of Supervision as adopted in the Eastern District of North Carolina' shall be deemed to refer to and incorporate" its standard conditions. Standing Order 21-SO-5 at 1.

Here we must determine whether the district court's oral pronouncement expressly incorporated the Standard Conditions of Supervision as adopted in the Eastern District of North Carolina. "[T]he requirement that a district court *expressly* adopt a written list of proposed conditions is 'not a meaningless formality.'" *Rogers*, 961 F.3d at 300 (quoting *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020)) (emphasis added). Clarity of the criminal sentence being imposed is paramount. Not only is it a critical part of the defendant's right to be present at sentencing, "[e]xpress incorporation also provides us, as a reviewing court, with the crucial objective indication that a district court has undertaken the necessary individualized assessment and made a considered determination, at the time of sentencing, that an identifiable set of discretionary conditions should be imposed on a defendant's supervised release." *Id.*

18

Unlike the oral incorporations favorably cited in *Rogers*,[3] here the district court failed to make sufficiently clear its intention to incorporate the Eastern District of North Carolina's standard conditions. Instead of incorporating the Eastern District of North Carolina's standard conditions by their name, the district court referenced generally "standard conditions in this district." J.A. 579. The district court then admonished Bullis not to engage in a series of vaguely described activities. After conveying this series of admonishments, the district court then stated: "Standard conditions you'll comply with." J.A. 579.

The district court's oral pronouncement was ambiguous. Did the district court mean to impose as specific conditions the series of admonishments it pronounced orally to Bullis or the Standard Conditions of Supervision as adopted in the Eastern District of North Carolina? Because the right to hear the entirety of one's sentence is "fundamental," *Rogers*, 961 F.3d at 296, district courts must be clear when orally incorporating a written list of proposed terms. That did not happen here. The district court's oral pronouncement did not suffice to incorporate expressly the Standard Conditions of Supervision as adopted in the

---

[3] *Rogers* cited favorably the oral pronouncements in two sentencing hearings in our circuit. 961 F.3d at 300. In *United States v. Ferebee*, the district court orally pronounced that the defendant "shall comply with the standard conditions of supervised release that have been adopted by the Court in the Western District of North Carolina." No. 18-4266, Joint Appendix at 142-43 (4th Cir. 2020). Similarly, in *United States v. McMiller*, the district court orally pronounced that the defendant "shall comply with the standard conditions of supervised release, and the standard sex offender conditions of supervised release that have been adopted by the Court in the Western District of North Carolina." No. 18-4744, Joint Appendix at 70 (4th Cir. 2020). Both of these pronouncements satisfy this court's requirement that oral pronouncements of sentencing expressly incorporate written conditions.

19

Eastern District of North Carolina. The failure to do so constituted a second reversible *Rogers* error.

## V. Conclusion

Bullis's resentencing did not violate the Double Jeopardy Clause. Bullis had not fully served his sentences on Counts 1, 2, 4, and 5. Thus, the district court could reimpose sentences on those counts. The district court's oral pronouncement of Bullis's terms of supervised release was, however, inconsistent with the written judgment imposed. Accordingly, we vacate and remand for resentencing consistent with this opinion.

*VACATED AND REMANDED*